**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **DRAPER FRANK WOODYARD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 5:25-cv-1220-LCB-HNJ** |
| | ) | |
| **BEATY, Lt., _et al._,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

On May 20, 2026, U.S. Magistrate Judge Herman N. Johnson, Jr., issued a Revised Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) recommending that the Court refer some of Plaintiff Draper Frank Woodyard's claims to the Magistrate Judge for further proceedings and dismiss his remaining without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted. (Doc. 16). No party has objected to the report and recommendation.[1]

If a party objects to a portion of a Magistrate Judge's report or proposed findings or recommendations, the district court must review _de novo_ those portions of the report to which the party has specifically objected. 28 U.S.C. § 636(b)(1);

---

[1] On June 15, 2026, the Magistrate Judge granted Woodyard's request to amend his complaint to clarify the date the incident occurred.  (Doc. 18). This clarification does not affect the Magistrate Judge's recommendation.  (_See_ Doc. 17).

FED. R. CIV. P. 72(b). Any portions of a Magistrate Judge's report that are unchallenged are reviewed for clear error. *Haywood v. Green*, 695 F.Supp.3d 1315, 1318 (N.D. Ala. Sept. 27, 2023). In its review, the district court may "accept, reject, or modify, in whole or in part," the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

Having reviewed the proposed findings and recommendations for clear error, the Court concludes that the Magistrate Judge's Revised Report and Recommendation (doc. 16) should be **ACCEPTED** and hereby **ADOPTS** it as the findings of the Court.

The Court therefore **ORDERS** as follows:

1. The following claims are **REFERRED** to the Magistrate Judge for further proceedings:

   a. Woodyard's Eighth Amendment excessive-force claims against Sgt. White and Lt. Beaty;

   b. Woodyard's Eighth Amendment failure-to-intervene claims against COI Barts, COI Marty, and Unknown COI/COI Davis; and

   c. Woodyard's Eighth Amendment claims for failure to protect and deliberate indifference to serious medical needs against Sgt. White, Lt. Beaty, COI Barts, COI Marty, and Unknown COI/COI Davis.

2.     The Clerk of Court is **DIRECTED** to add Unknown COI/COI Davis as a defendant.

3.     All remaining claims in this action are **DISMISSED without prejudice** under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted.

**DONE** and **ORDERED** this June 24, 2026.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE